UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDEL RODRIGUEZ,

    Plaintiff,

v.     Case No. 8:24-cv-02562-CEH-AEP

AMERICAN RESIDENTIAL
SERVICES, LLC,
a/k/a Rescue Rooter, L.L.C.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon the parties' Joint Motion for Settlement Approval (Doc. 18). By the Motion, the parties request that this Court approve the parties' proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case and dismiss the case with prejudice. A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must determine whether the settlement

agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted). Here, Plaintiff initiated this action, asserting claims against Defendant American Residential Services LLC for unpaid wages and unpaid overtime wages (Doc. 1). Specifically, Plaintiff alleged that while working for Defendant he was not paid for working through his 30-minute lunch break, was not paid for his last week of work, and was not paid his sign on bonus (Doc. 1, at ¶¶ 10–20).

In an effort to resolve the litigation, Defendant agreed to a settlement, and the parties subsequently submitted the proposed Settlement Agreement for review (Doc. 18). Within the proposed Settlement Agreement, the parties included a release by Plaintiff of all FLSA claims against Defendants in this action and any claims for unpaid wages or unpaid overtime wages (Doc. 18-1, § 5). The Agreement

2

provides that Defendant will pay Plaintiff a total sum of $2,300, $1,150 for payment of overtime wages plus liquidated damages of $1,150 (Doc. 18-1, § 2 (a)(1)–(2)). Additionally, Defendant shall pay $3,700 in attorney fees and costs (Doc. 18-1, § 2 (a)(3)). The parties state that the attorneys' fees were negotiated "separately and without regard to the amount paid to Plaintiff for his FLSA claims" (Doc. 18, at 8).

In determining whether the settlement is fair and reasonable, a court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, No. 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

Upon review of the proposed settlement agreement, the undersigned finds that the settlement agreement is a fair and reasonable resolution of the parties' dispute regarding Plaintiff's claims. *See Lynn's Food*, 679 F.2d at 1353–55. Accordingly, after consideration, it is hereby

RECOMMENDED:

1.   The parties' Joint Motion for Settlement Approval (Doc. 18) be GRANTED.

   2. The Settlement Agreement (Doc. 18-1) be accepted, adopted, and approved by the Court, and the parties are ordered to comply with the terms of the Settlement Agreement.

   3. This action be DISMISSED WITH PREJUDICE.

   4. The Clerk be directed to terminate all pending deadlines and to close the case.

   IT IS SO REPORTED in Tampa, Florida, on this 19th day of February 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Charlene Edwards Honeywell
 Counsel of Record